PAWNEE COUNTY v. LUELLA STORM ET AL.

[FILED JUNE 11, 1892.]

</div>

1. **Highways: LOCATION: ACTUAL NOTICE UNNECESSARY.** Under the statute the county board, upon giving public notice through the newspapers as required by law, and complying with the law in other respects, may locate a valid public road through

34   735
36   461

34   735
49   668
51   739

the property of one or more of the land-owners, although he has no actual notice of the proceedings while they are pending.

2. ——: ——: ——: RECOVERY OF DAMAGES. Notice in a newspaper is constructive only, and while it is sufficient to give the county board jurisdiction, it cannot deprive the land-owner whose property has been taken, and who had no actual notice of the proceedings to locate the road until after the time advertised for filing claims for damages had expired, from recovering compensation within a reasonable time after he has such actual notice of the actual appropriation of the property.

ERROR to the district court for Pawnee county. Tried below before APPELGET, J.

*J. K. Goudy*, and *A. H. Babcock*, for plaintiff in error, cited: *Carpenter v. Grisham*, 59 Mo., 247; *Highway Com'rs v. Hoblit*, 19 Ill. App., 250; *Smith v. People*, 47 N. Y., 330; *Whitely v. Platte Co.*, 73 Mo., 30; *Adams v. Clarksburg*, 23 W. Va., 203; *Port Huron & S. W. R. Co. v. Voorhees*, 50 Mich., 506; *Koppikus v. State Cap. Com.*, 16 Cal., 248; *Heyneman v. Blake*, 19 Id., 579; *Willyard v. Hamilton*, 7 O., 449; *Harper v. R. Co.*, 2 Dana [Ky.], 227; *Cupp v. Com'rs Seneca Co.*, 19 O. St., 173; *Davis v. Huston*, 15 Neb., 28; *Bryan v. Kennett*, 113 U. S., 179; *Kimball v. Alameda Co.*, 46 Cal., 24; *Harper v. Richardson*, 22 Id., 251–4; *De Moss v. Newton*, 31 Ind., 219.

*Humphrey & Lindsay*, contra, cited: *Earl of Ailesbury v. Pattison*, Doug. [Eng.], 30; Sedgwick, Stat. & Const. Law, 247; *People v. Weston*, 3 Neb., 324; *White v. Blum*, 4 Id., 561; *Pearce's Heirs v. Patten*, 7 B. Mon. [Ky.], 162; *Brown v. Otoe Co.*, 6 Neb., 117; *Dixon County v. Barnes*, 13 Id., 295; *Cowls v. Cowls*, 3 Gilm. [Ill.], 435; *Grattan v. Grattan*, 18 Ill., 167.

MAXWELL, CH. J.

This is an action to recover for lands taken by the plaintiff under the power of eminent domain for the location of a public road. The facts are substantially as follows:

One William H. Storm died on the 27th day of January, 1887, in Pawnee county, Nebraska, leaving a widow, Mattie R. Storm, and three minor children, Luella Storm, ten years of age, Effie E. Storm, aged seven years, and, George E. Storm, aged five years.   At the date of his death he was the owner of the following described real estate in Pawnee county, to-wit: The southwest quarter of section 23, in township 1, range 12, containing 160 acres, and also a fractional lot, No. 11, in said township and range, containing about six acres.   On the 21st day of March, 1887, a petition was filed in the office of the county clerk of said county praying for the establishment of a public road over certain lands described therein, which road passes over and across the lands above described.   On the same day O. D. Howe, county surveyor of Pawnee county, was appointed viewer of said road, to report within thirty days.   On the 29th day of that month said Howe returned and filed in the county clerk's office his report in favor of the establishment of the road described in the petition therefor.   On the filing of such report, the county clerk caused a notice to be published in the Pawnee *Republican*, a newspaper published and of general circulation in said county, stating that the commissioner had reported in favor of establishing the road described, and that all objections thereto or claims for damages must be filed in his office on or before noon of the 7th day of June, 1887, or such road would be established without reference thereto.   On the 20th day of June, 1887, the county commissioners made an order of record in their proceedings of that date granting the prayer of the road petitioners locating such road over and upon the line mentioned in said petition.   On the 3d day of April, 1888, Mattie R. Storm was appointed guardian of the minor heirs above named, and on the 20th day of August, 1888, she, as such guardian and on behalf of such minor heirs, filed a claim with the county clerk of Pawnee county for damages in the sum of $300, alleged to have

50

been sustained by the taking of a part of the real estate belonging to said estate for said public road. The claim was duly verified and on the same day was by said county commissioners wholly rejected and disallowed for the reason 'that no claim has ever been made therefor according to law.' From this order disallowing said claim of $300, Mattie R. Storm, as such guardian, appealed to the district court, and on the 1st day of December, 1888, she filed her petition in appeal. On the trial of the cause she recovered a verdict for $266.80, upon which judgment was rendered.

Section 18, chapter 78, Compiled Statutes, provides: "Notice shall be published for four weeks in some newspaper published in the county, if any such there be, or if there be no newspaper published in the county, then such notice shall be posted in at least three public places along the line of said proposed road, which notice may be in the following form:

"To all whom it may concern: The commissioner appointed to locate, vacate, or alter (as the case may be) a road commencing at ——, in —— county, running thence (describe in general terms all the points as in the commissioner's report) and terminating at ——, has reported in favor of the establishment (vacation or alteration) thereof, and all objections thereto or claims for damages must be filed in the county clerk's office on or before noon of the — day of —— A. D. ——, or such road will be established (vacated or altered) without reference thereto.

"A. B., *County Clerk.*

"The publication or posting of such notice shall be sufficient notice to all persons owning land over which any road is proposed to be located."

"Sec. 19. No objections or claims for damages shall be filed or made after noon of the day fixed for filing the same, and if no objections or claims for damages are filed on or before noon of the day fixed for filing the same, and the county clerk is satisfied the provisions of the preceding

section have been complied with, he shall report to the county board at their next session all the proceedings hereinbefore provided for."

"Sec. 20. If objections to the establishment of the road or claims for damages are filed, the further hearing of the application shall stand continued to the next session of the county board held after the commissioners appointed to assess damages have reported."

"Sec. 21. When claims for damages are filed, and on the day appointed for filing the same, the county clerk must appoint three suitable and disinterested electors of the county as appraisers to view the ground on a day fixed by him, and report upon the amount of damages sustained by the claimants. Such report shall be made and filed in the clerk's office within thirty days after the day they are appointed." :

"Sec. 22. All claims for damages and objections to the establishment, vacation, or alteration of the road must be in writing, and the statements in the application for damages shall be considered denied in all the subsequent proceedings."

"Sec. 23. The clerk shall cause notice of their appointment to be given each of the appraisers, fixing the hour at which they are to meet at the office of the clerk or of some justice of the peace therein named."

"Sec. 24. If the appraisers are not all present within one hour of the time fixed, the clerk or justice, as the case may be, shall fill the vacancy by the appointment of others. The appraisers must be sworn to discharge their duty faithfully and impartially. Should the report not be filed in time, or should any other good cause for delay exist, the clerk may postpone the time for final action on the subject and may, if expedient, appoint other commissioners.

"Sec. 25. Should no damages be awarded the applicant therefor, the whole of the costs growing out of his application shall be paid by him.

"Sec. 26. At the next meeting of the county board after the proceedings hereinbefore contemplated have been had the said board may hear testimony, consider petitions for and remonstrances against the establishment, vacation, or alteration, as the case may be, if such remonstrances be filed within the time provided in section 19, and may establish, vacate, or alter, or refuse to do so, as in their judgment founded on the testimony the public good may require. Said board may increase or diminish the damages allowed by the appraisers and may make such establishment, vacation, or alteration conditioned upon the payment in whole or in part of the damages awarded or expenses in relation thereto.

. "Sec. 27. In the latter case a day shall be fixed for the performance of the condition, which must be before the next session of the board, and if the same is not performed by the day thus fixed, the board shall at such session make some final and unconditional order in the premises.

"Sec. 28. Any order made or action taken in the establishment of a road shall be entered in the road record, distinguishing between those made or taken by the clerk and those by the county board."

That a public road may be lawfully located upon public notice given in this manner there is no doubt, and it will be binding upon all owners of real estate over which the same passes, whether they be under disability or not. As the general rule is that where the statute makes no exceptions the court can make none. The service by publication, however, is merely constructive. A public road may be located across a person's land and he have no notice of it whatever until the time for filing claims for compensation or damages is past. The constitution, while it authorizes the exercise of the right of eminent domain, yet protects the land-owner by requiring just compensation to be made to him for property taken or damaged. But if the owner

is not aware that his property has been condemned how is he to apply for damages? He may be absent from the state or the county in which the lands lie, or the notice may be published in an obscure paper and thereby escape attention, and the first notice he will in fact receive will be the opening of the road—the actual appropriation of the property. Now the state has appropriated his property, he has been guilty of no neglect, and should be compensated for his land. The public receives the benefit from the location of the road and must bear the burden of compensation for the land taken. The law should be construed in such a way as to do justice and no strict rule applied that will rob a party of his property. We hold, therefore, that where the only notice to the land-owner is by publication in a newspaper, if the statute is substantially complied with it will authorize the location of the road, yet if a land-owner whose property has been condemned has no actual notice of the proposed road until the time advertised for filing claims for damages has expired, he may, within a reasonable time after the opening of the same and thereby an actual appropriation of the land by the public, file a claim for damages for the location of said road and recover the same. A county board, no doubt, may obviate this difficulty by serving personal notice on all land-owners. But that question is not in this case. It is evident that the judgment is right, and it is

AFFIRMED.


THE other judges concur.