CITY OF LINCOLN v. PATRICK J. GRANT.

FILED NOVEMBER 21, 1893. No. 5379.

| 38 | 369 |
| 39 | 76 |
| 38 | 369 |
| f41 | 577 |
| 38 | 369 |
| 45 | 458 |
| f45 | 680 |
| 38 | 369 |
| d52 | 644 |
| 33 | 369 |
| 56 | 770 |

1. **Municipal Corporations**: CITIES OF THE FIRST CLASS: UNLIQUIDATED CLAIMS. Although the right to recover for damage to private property is reserved by the constitution, it is within the power of the legislature to regulate the remedy and prescribe the forms to be observed in order to enforce that right. The only limitation upon the power of the legislature in that respect is that the regulation must be reasonable, and provided by general laws of uniform application.

2. ———: ———: ———. The provision of section 36 of the charter of the city of Lincoln, that in order to maintain an action against said city for an unliquidated demand, the claimant shall, within three months from the time such right of action accrued, file with the city clerk a statement of the time, place, and circumstance of the injury or damage, is a reasonable exercise of the legislative powers.

3. ———: ———: ———. The filing of the required statement is in the nature of a condition precedent, and must be alleged and proved in order to maintain an action in such cases.

28

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

The opinion contains a statement of the case.

*N. C. Abbott, City Attorney,* and *Abbott, Selleck & Lane,* for plaintiff in error:

It was incumbent on defendant in error to prove that he had filed his claim in the office of the city clerk. (Comp. Stats. Neb., sec. 36, ch. 13*a.*)

The statute is valid. Such provisions are uniformly enforced in other states. (*Nichols v. Minneapolis,* 16 N. W. Rep. [Minn.], 410; *Clark v. City of Austin,* 38 N. W. Rep. [Minn.], 615; *Sheel v. City of Appleton,* 5 N. W. Rep. [Wis.], 27; *Vogel v. City of Antigo,* 51 N. W. Rep. [Wis.], 1008; *Hiner v. City of Fond du Lac,* 36 N. W. Rep. [Wis.], 632; *Crittenden v. City of Mt. Clemens,* 49 N. W. Rep. [Mich.], 144; *Mead v. City of Lansing,* 56 Mich., 601; *City of Detroit v. Michigan Paving Co.,* 38 Mich., 358; *Yolo County v. City of Sacramento,* 36 Cal., 193; *City of Atchison v. King,* 9 Kan., 550; *Reinig v. City of Buffalo,* 6 N. E. Rep. [N. Y.], 792; *Jones v. City of Minneapolis,* 31 Minn., 230; *Benware v. Town of Pine Valley,* 53 Wis., 527; *Maddox v. Randolph County,* 65 Ga., 216; *Marshall County v. Jackson County,* 36 Ala., 613; *May v. City of Boston,* 23 N. E. Rep. [Mass.], 220; *Greenleaf v. Norridgwock,* 19 Atl. Rep. [Me.], 91; *Low v. Windham,* 75 Me., 113.)

*Richard Cunningham, contra,* cited: *Foxworthy v. City of Hastings,* 23 Neb., 772.

POST, J.

This was an action by the defendant in error in the district court of Lancaster county against the plaintiff in error, the city of Lincoln. In the petition below it is al-

leged that the plaintiff therein is the owner of lots 14 and 15, in block 69, in said city; that in the year 1886 the city changed the grade of Ninth and M streets adjacent to said lots, by reason of which said streets were lowered from two to seven feet below the grade which had previously been established; that in the year 1889 the city, by its agents and servants, actually lowered said streets so as to conform to the grade so established in 1886, to the damage of the plaintiff in the sum of $1,200. It is further alleged that in the month of February, 1890, the plaintiff presented to the city council a claim in writing, duly verified, for the sum of $1,200 on account of the lowering of the streets above named adjacent to his said property, which is the amount of damage actually sustained by him, but that his said claim was wholly rejected and disallowed.

The city filed an answer in which it challenged the jurisdiction of the district court on the ground that the plaintiff's only remedy was by appeal from the order disallowing his claim. It admits that it caused Ninth and M streets to be graded, curbed, and paved in the year 1889, but denies that the plaintiff has been damaged thereby, and alleges that said improvement is of special benefit to his said property, which has increased in value by reason thereof $2,000; and denies the other allegations of the petition.

A trial resulted in a verdict and judgment for the plaintiff below in the sum of $500, whereupon the cause was removed to this court by petition in error.

The first proposition of the plaintiff in error is that, under the provisions of the charter of 1889 of the city, all claims, whether arising *ex contractu* or *ex delicto*, must be presented to the city council, and when disallowed, the remedy by appeal is exclusive. That proposition we will not consider at this time, since the judgment must be reversed on other grounds.

The second proposition upon which reliance is placed by the city is that the failure of the plaintiff below to file

with the city council a statement in writing showing the the time, place, and circumstance of the damage complained of, etc., is fatal, and a complete defense to his action. Section 36 of the city's charter, as amended in 1889 (sec. 36, ch. 13*a*, Comp. Stats., 1889), concludes as follows: "And to maintain an action against said city for any unliquidated claim it shall be necessary that the party file in the office of the city clerk, within three months from the time such right of action accrued, a statement giving full name and the time, place, nature, circumstance, and cause of the injury or damage complained of. No appeal bond shall be required of the city by any court in any case of appeal by said city."

On the part of the defendant in error it is contended that the provision above quoted is not mandatory; that it is applicable to the subject of costs only, and that the filing of the statement therein contemplated need not be alleged or proved in actions for damages against the city. In support of that contention he cites *Foxworthy v. Hastings*, 23 Neb., 772, in which it is said: "While it is proper to present the names of such witnesses to the city authorities in order that the validity of the claim may be investigated, yet it is believed that the failure to do so will not defeat a recovery, although it may affect the question of costs." It is true the act involved in that case contains substantially the same provision as the one now under consideration, but the question presented and decided was the validity of the provision requiring actions against the city to be brought within six months after the sustaining of the injury or damage complained of. That the observations with reference to the question here presented are mere *dicta*, and were intended as such, is clear, since it is stated in the opinion that the provision for the filing of the statement referred to was not necessary to a determination of that controversy. Regarding the question as an open one, we have examined it in the light of authority;

and our conclusion is that the filing of the statement con-
templated by the charter of the city is in the nature of a
condition precedent to the right to prosecute an action for
damages, and is a material allegation in order to state a
cause of action. The following may be cited in support
of the view here stated, while we have in our examination
observed no case in which a different rule is announced:
*Susenguth v. Rantoul*, 48 Wis., 334; *Benware v. Pine
Valley*, 53 Wis., 527; *Sheel v. Appleton*, 49 Wis., 125;
*Nichols v. Minneapolis*, 30 Minn., 545; *Ray v. St. Paul*,
44 Minn., 340; *Low v. Windham*, 75 Me., 113; *Greenleaf
v. Norridgwock*, 82 Me., 62; *Reining v. Buffalo*, 102 N. Y.,
308; *May v. Boston*, 150 Mass., 517.

It is true the right to recover for damage to private
property in like cases is reserved by the constitution, but
there is no doubt that the legislature may regulate the rem-
edy and prescribe the forms to be observed in order to en-
force that right. The only limitation upon the legislative
authority is that the regulation must be reasonable and
provided by general laws of uniform operation.

Objection is made to the provision under consideration
on the ground that it is an unreasonable restriction upon
private rights, although there is no apparent ground for
such an objection. In *Plum v. Fond du Lac*, 51 Wis.,
393, the act requiring notice of the injury to be given
within ninety days thereafter became a law twelve days
after the injury was received, yet it was held applicable,
and that the action would not lie, it not appearing that no-
tice had been given. It was said that although the plaint-
iff did not have the full statutory time within which to
give notice, the ninety days allowed therefor did not ex-
pire until long after the act had become a law; hence he
could have complied with all of the conditions imposed
thereby. It is said in the opinion that the act relates to
the remedy merely and "should be upheld and made oper-
ative in all cases where it would not affect the subject-mat-

City of Lincoln v. Grant.

ter of the action, or interfere with vested rights either in suits or property;" while in *Greenleaf v. Norridgwock, supra,* the statute required notice to be given within fourteen days after the injury was received. It is said by Dixon, C. J., in *Von Baumbach v. Bade,* 9 Wis., 577*: "All the authorities agree that it is within the power of the legislature to repeal, amend, change, or modify the laws governing proceedings in courts, both as to past and future contracts, so that they leave the parties a substantial remedy according to the course of justice as it existed at the time the contract was made." And in *State v. Hundhausen,* 24 Wis., 199, it was held that an act requiring the holder of a tax certificate to give notice sixty days prior to his application for a deed was valid as to sales made before its passage, provided there was reasonable time after the law took effect within which to comply with its requirements. In the opinion it is said by Paine, J.: "The legislature, upon grounds of public policy, and for the purpose of better protecting the interests of those having rights of redemption, required the holder of the certificate to notify the person in possession of the land, if any, of his intention to apply for the deed. This does not interfere at all with his rights under the contract. They are in nowise diminished. The rights of the owner of the land are in nowise enlarged. It is merely a new formality imposed upon grounds of public policy, and by observing which he secures all his rights unimpaired. This we do not think can be held to impair the obligation of the contract."

In our opinion the provision under consideration is a reasonable exercise of the legislative power, and consistent with the soundest public policy. It follows that the judgment should be reversed and the case remanded for further proceedings in the district court.

REVERSED AND REMANDED.