CITY OF LINCOLN V. DORINDA C. FINKLE.

FILED JUNE 26, 1894.   NO. 5720.

1. **Municipal Corporations:** CITIES OF THE FIRST CLASS: UN-LIQUIDATED CLAIMS. Section 36 of the charter of cities of the first class, requiring, in order to maintain an action against the city for an unliquidated claim, that the claimant shall, within three months from the time such right of action accrues, file with the city clerk a statement of the time, place, and circumstance of the injury and damage, is a reasonable exercise of the legislative power, and the filing of such a statement is a condition precedent and must be alleged and proved in order to maintain an action. *City of Lincoln v. Grant*, 38 Neb., 369, followed.

2. ———: ———: ———: TIME. In order to maintain such an action the statement required must be filed within the time limited by the statute, at least in the absence of averment and proof of facts constituting a legal excuse for the delay.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*N. C. Abbott, City Attorney,* and *Abbott, Selleck & Lane,* for plaintiff in error.

*Leese & Stewart, contra.*

IRVINE, C.

This is a proceeding in error by the city of Lincoln to reverse a judgment recovered by Dorinda C. Finkle against the city for damages to the property of the defendant in error caused by a change of grade in a street. But one assignment of error need be noticed. The plaintiff in the court below alleged that the grade had been changed in 1884, and that in 1888 or 1889 the street had been worked to the new grade, and that on or about September 15, 1891, she presented her claim for damages to the city. The proof was in accordance with the last allegation. The city requested the court to instruct the jury that the action could not be maintained unless the claim for damages was presented within three months from the time the damages accrued. This instruction was refused. Compiled Statutes, chapter 13a, section 36, provide that " to maintain an action against said city for any unliquidated claim it shall be necessary that the party file in the office of the city clerk, within three months from the time such right of action accrued, a statement giving full name and the time, place, nature, circumstance, and cause of the injury or damage complained of." If this provision be valid and mandatory, the action could not be maintained under the pleadings and proof of this case, as it appears both by the petition and by the evidence that the statement was not filed until at least two years after the commission of the acts complained of. The validity and construction of this statute were questions involved in some doubt at the time this case was tried in the district court. Since then this court has had occasion to investigate the questions presented and has held that the statute referred to is a reasonable exercise of the legislative

power, and that the filing of the statement required is in the nature of a condition precedent, and must be alleged and proved in order to maintain an action in such a case as this. (*City of Lincoln v. Grant*, 38 Neb., 369.) We adhere to and follow the conclusion reached in that case. The only difference between the case cited and that under consideration is that in the former case no statement of damages had been filed, while here there was such a statement, but it was not filed within the time limited by the statute. There can be no doubt that the statute is as much mandatory as to the time when the statement is to be filed as it is as to the fact of filing and the nature of the statement. This must be true at least in the absence of an averment and proof of a sufficient excuse for failing to file the statement within the time limited. No such excuse is here pleaded or proved and that question is not presented. The court should have given the instruction requested by the city.

REVERSED AND REMANDED.