CITY OF NEBRASKA CITY v. JAMES B. NORTHCUTT.

FILED JUNE 18, 1895. No. 5457.

1. **Municipal Corporations:** CHANGE OF GRADE: DAMAGES: TITLE. In order to recover damages against a city on account of the change of grade of streets, the plaintiff must have either a legal or equitable estate in the property injured.

2. ———: ———: ———: ———. A husband who has erected improvements on the land of his wife, and is in possession thereof, is not entitled to recover in his own name for damages sustained by said property by a change of grade.

ERROR from the district court of Otoe county. Tried below before CHAPMAN, J.

*M. L. Hayward* and *C. W. Seymour,* for plaintiff in error.

*John C. Watson* and *E. F. Warren, contra.*

IRVINE, C.

This was an action by Northcutt against Nebraska City to recover damages caused by a change of grade. There was a verdict and judgment for the plaintiff, which the city seeks to reverse. The property to which it was claimed the damages accrued was lots 1 and 2, in block 72, and lot 12, in Nebraska City. The answer of the city denies that the plaintiff was the owner of the lots. The only evidence in support of his allegation of ownership was the parol testimony of plaintiff himself that he owned the lots and they stood in his name. As against this the city introduced in evidence the record of a deed showing a conveyance of lot 1 to Katie Northcutt, the wife of the plaintiff. The court instructed the jury as follows: "There being a general allegation in plaintiff's petition that he is the owner of the premises described in his petition, and that he, plaintiff, built and erected the buildings situated thereon, and that he, plaintiff, made the improvements upon said lots, which he alleges have been damaged by reason of said grade, and that he has used, occupied, and controlled said premises for years prior to said grade, claiming to own the same, you are instructed that he can recover for damages caused to said improvements, if you find any damage has been sustained thereby, even if the legal title to one of said lots does appear by the evidence to be in the wife of the plaintiff." The evidence was all directed to the entire damage sustained by the lots, although there was some evidence in relation to the cost of adapting the improvements to the new grade. The instruction as given was

erroneous. If this judgment should stand and the city pay it, it would be no bar to an action by Mrs. Northcutt to recover damages sustained by lot 1. The fact that plaintiff made the improvements on the lot did not entitle him to recover, unless he owned the improvements or had some estate in them or in the lot. Presumably, the improvements when made became a part of the realty and the property of its owner, and no right of action accrued to the plaintiff because he made them, unless he retained ownership or had some estate in the land; and in the latter case he could only recover for the injuries sustained by his particular estate. In so holding we must not be understood as deciding that one must be the owner of land in fee-simple in order to recover damages for a change of grade. We simply hold that one must have some legal or equitable estate, and that his damages are confined to the injuries done that estate.

Several other questions are argued, but they have for the most part already been determined in other cases. Some have been decided since the trial of this case in the district court. We would, however, in further proceedings, direct attention of counsel particularly to the cases of *Harmon v. City of Omaha,* 17 Neb., 548, and *City of Lincoln v. Grant,* 38 Neb., 369.

REVERSED AND REMANDED.