## City of Omaha v. Artemus M. Clarke et al.

### Filed October 22, 1902.   No. 12,147.

Commissioner's opinion, Department No. 1.

1. **City**: Judgment: Award: Correction: Decree: Damages: Land: Appropriation: Street: Claim: Filing: Clerk: Council: Rejection. It is not necessary to sustain the entering of judgment against the city, as incident to a decree in an equitable action to correct an award, made and confirmed by the city authorities, of damages for the appropriation of land for street purposes, that a claim for the amount should have been filed with the city clerk and rejected by the council.

2. **Finding**: Decree: Assignor. To warrant a finding and decree that an award made by the appraisers of damages caused by taking property for street purposes, should have been in favor of plaintiff's assignor instead of another who was named in it, proof of the assignor's ownership of the premises must be produced.

3. **City**: Property: Possession. While the city is in possession of and using property for street purposes, it will not be permitted to allege its own irregularities in procedure as a reason for not paying damages awarded the owner for the taking of his property.

4. **Statute of Limitations.** An action on an award of damages for the taking of land for street purposes, is not barred before five years from the making and confirmation of the award.

Error from the district court for Douglas county. Tried below before Fawcett, J. *Reversed.*

*James H. Adams,* for plaintiff in error.

*William D. Beckett, J. W. Woodrough* and *W. J. Connell, contra.*

Hastings, C.

This is a petition in error from a decree correcting an award of damages for the taking of real estate for use as a street by the city of Omaha, and directing payment to the plaintiffs. The ground on which the award was sought to be corrected was that it had been made by accident and mistake to William J. Connell, when it should have been

9

made to the plaintiffs' assignor, W. E. Clarke, because the latter was the owner of the land in question and Connell had no interest. Connell made default, and on the hearing decree was entered changing the award in favor of plaintiffs' assignor and awarding to them judgment for the amount. The city brings error, alleging that the decree is not sustained by sufficient evidence; that there was error in overruling the city's demurrer to plaintiffs' petition, and error in the reception of certain documentary evidence offered by them.

The first ground on which the claim that the decree is unsupported by the evidence is sought to be maintained, is that it nowhere appears in the record that the claim was filed with the city clerk and submitted to the council as is required by section 33 (Compiled Statutes, ch. 12a*) of the city charter. It is conceded by the plaintiffs that this is the case; but it is contended that in case of an award made at the city's own instance and approved by its authorities, and after its taking possession of the ground for which compensation was awarded, there is no requirement of any further submission of a claim under such award. It might also have been suggested that the primary purpose in this action being to correct an award, the rendering judgment for its payment was simply giving the full equitable relief which the court should administer in a case where its jurisdiction has attached. The first ground seems to be sustainable and is the one mainly urged. It can hardly have been necessary, before the institution of these proceedings, to present any claim for the allowance of this award, which the city had then procured and which its council had approved. The reasoning of this court in *Perkins County v. Keith County*, 58 Nebr., 323, seems to cover this case. The second ground,—the authority of the court to grant complete relief in a case where its jurisdiction has once attached,—seems to be nearly as good. This claim of error must therefore be overruled.

---

* Cobbey's Annotated Statutes, sec. 7482.

It is urged that the evidence does not show that the lands in question belonged to Clarke. Two replies are made to this: First, this was an issue solely between Connell and Clarke, and Connell not appearing, and permitting a decree against him by default, has lost any rights which he might have had in the premises, and the city can claim nothing on account of non-ownership by Connell, and it is of no importance to the city to whom the payment is made for this land, which is found to have been taken; and, second, it is replied that there is evidence in the record tending to show ownership in Clarke. The allegations of the petition are that the city council, on or about September 9, 1893, declared by ordinance that the appropriation of certain property for the purpose of opening South Twenty-fourth street from the north line of lot 59 in Redick's Second addition to Omaha was necessary, and among other property the following, of which Wm. E. Clarke was owner: "Commencing at the southeast corner of lot 59, Redick's Second addition, running thence north along the east line of said lot, 66 feet, thence west 44 feet, more or less, to the west line of South Twenty-fourth street as extended by ordinance number 3691, passed by the city council of Omaha, September 9, 1893, and approved September 12, 1893, and running thence along said line 66 feet, more or less, to the south line of said lot 59, thence east 40 feet, more or less, to the place of beginning, in the county of Douglas, state of Nebraska"; that the ordinance was approved by the mayor and appraisers were appointed; that by schedule B of their report, the above-described property was taken and damages placed at $1,000; that it was reported by the appraisers to be the property of Wm. J. Connell but was in fact that of Wm. E. Clarke; that the assessment of damages was reported to the council, and the council being ignorant of Clarke's ownership, confirmed the report and awarded to Wm. J. Connell the $1,000; that the city entered at once upon and has continuously ever since exercised dominion over said premises as a street; that Clarke assigned his

ownership and rights to the plaintiffs; that the city never paid the award nor deposited it, and plaintiffs asked that the award be corrected to run in favor of Wm. Clarke, and the city directed to pay it to the plaintiffs as his assignees. The city filed a general demurrer, which was overruled. It then answered, and admitted its incorporation, admitted the passage of the appropriating ordinance; admitted the appointment of appraisers to assess the damages, and admitted the filing of their report; admitted the nonpayment of the award; denied the other allegations of the plaintiffs and said that the owner of the premises in question had been in occupancy of them until a time subsequent to the bringing of the suit. The court found jointly for the plaintiffs; found the premises above described had been regularly appropriated by the city of Omaha; that they were at the time Clarke's property, and that the city since that time had been in their use and enjoyment; that the $1,000 award for the property was erroneously made to Wm. Connell instead of Wm. Clarke, the owner; that Clarke's right had been assigned to plaintiffs; that the award had never been paid nor deposited; that plaintiffs were entitled to it, with interest from November 23, 1893,—and decreed that the award should be reformed and that the plaintiffs should recover $1,000 with interest from November 23, 1893.

The plaintiffs at the trial introduced the original ordinance providing for the opening of the street; introduced the appraisers' report of damages by such opening; the action of the city council upon that report; report of the committee of the city council recommending that the appraisers' report be confirmed; statement of the mayor refusing his approval to the ordinance declaring Twenty-fourth street, from the north line of lot 59, Redick's Second addition, to Pacific street, open for public travel; introduced as Exhibit 3 a report of the committee on streets, avenues and boulevards, reporting that damages for the opening of Twenty-fourth street north from Pacific street had been awarded to Wm. Connell, but

that the lot belonged to Wm. Clarke, and damages should have been awarded to him, and recommending that Connell and Clarke settle the matter themselves, if they could legally do so, as it would save expenses. Plaintiffs also offered in evidence the special ordinance (Exhibit 4), levying a tax on the north half of lot 59 against A. M. Clarke et al., for the expense of repairing the sidewalks. The defendant then showed by cross-examination of the deputy clerk that the record of ordinances and resolutions presented to the mayor did not disclose that the resolution confirming the award of damages had ever been presented to that officer. The testimony of W. D. Beckett was then introduced, who testified that Twenty-fourth street, between Leavenworth and Pacific streets, had been actually open for travel to the general public for a good many years. Geo. W. Holbrook gave the same testimony, with the addition that a portion of the street was graded. Artemus M. Clarke gave the same testimony, and plaintiffs then rested.

Apparently the plaintiffs' evidence was introduced on the theory that, defendant Connell having made default, it was not requisite on the part of the plaintiffs to prove any ownership of the premises in question on the part of their assignor, Wm. E. Clarke. As above suggested, that view is apparently still taken by the plaintiffs and their counsel. It seems to us clear, however, that the city has the right to know, before this award, which Mr. Connell does not claim, is turned over to another party, that the claimant has some right to it; and it would seem that the evidence, in order to sustain this decree, must disclose such a right on the part of Mr. Clarke's assignees. An effort seems to have been made to correct the bill of exceptions by introducing into it a waiver of proof of title in the property on the part of the city by its attorney; but the motion to correct the bill of exceptions was overruled. The brief of defendants in error claims that the report of the committee on streets and avenues (Exhibit 3) is evidence of ownership of this property by Clarke. We do not think

so. The document was probably admissible as tending to show the actual appropriation of the property by the city, but it is not competent evidence of Clarke's ownership. It is not at all primary evidence of title, nor is it such an admission as binds the city. It does not appear that it was the function of these members of the council to investigate the title to the real property which the city was taking. Their voluntary statement out of court as to this question, would seem to have no more weight than the unsworn statement of any other person and to be no more admissible as a proof of title.

Perhaps more force should be given to the claim that the city is estopped by the award, to object that the title was not in Connell, and by Connell's default and the decree against him, is precluded from saying that his title did not pass to Clarke; but the trouble with this claim is that it is inconsistent with the plaintiffs' own allegation. They can not be permitted to recover on the ground that Connell has not and never had title, and still claim that the city is bound to admit that Connell did have such title. As long as their whole case devolves upon their disproving Connell's title, they are not at liberty to urge any estoppel on the part of the city against disputing it. They are not proceeding on the ground that Connell had title and they succeeded to it, but that he never had any.

It is claimed, too, that the assignment, which was introduced without objection, contains a recital that "said award amounting to $1,000 runs by mistake to Wm. J. Connell." This recital does not help the plaintiffs. The fact, if it be a fact, that Connell had no title, would not help the city, if the true owner of the land were to appear and insist on the city's obligation to pay him for it. We are compelled to think that this record fails to show that the specific premises for whose appropriation this award was made belonged to Wm. Clarke, at the time. Until that appears he has no right to have that award so corrected, and until such evidence is supplied no final decree can be entered making it run in his favor.

City of Omaha v. Clarke.

Two other grounds asserted for the reversal of the decree should, perhaps, be discussed. One is the claim that this award was not approved by the mayor as required by statute. If the evidence, which is undisputed, that the city has taken and now occupies these premises as a street, discloses the real fact, the city is undoubtedly estopped, while continuing to so occupy the premises, from putting up any claim that this appropriation was so irregular that it is not bound to pay the award, which its officers have made to the owners, for damages.

The other claim made is that this action was barred by the statute of limitations at the time it was begun. This was the ground for complaint that there was error in overruling the demurrer. The petition was filed August 17, 1898, but alleges an award made November 17, 1893. In our opinion this award, filed and made of record November 17, 1893, and confirmed apparently at that date by the city council, was, as claimed by plaintiffs' brief, a record obligation, and certainly in writing, on which an action would lie for five years under section 10 of the Code of Civil Procedure. It was not error to overrule the demurrer.

It is recommended that the decree of the district court be reversed, and the cause remanded for further proceedings according to law.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.