JOHN NOTHDURFT V. CITY OF LINCOLN.

FILED NOVEMBER 22, 1905.    No. 13,981.

Cities: ACTION FOR DAMAGES: NOTICE: PETITION. The provisions of the statute in force February, 1900, construed, and *held*, first, to require a claimant of unliquidated damages against a city of the first class to file with the city clerk, within three months from the time the cause of action accrued, a statement in writing, containing, among other things, the full name of the claimant; second, that in an action against such a city for unliquidated damages, where the petition did not show the filing of the statement complying with the provisions of the statute, the petition failed to state a cause of action.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Frederick K. Shepherd,* for plaintiff in error.

*E. C. Strode, contra.*

JACKSON, C.

On January 18, 1904, the plaintiff in error instituted an action in the district court for Lancaster county against the defendant in error to recover damages on account of an injury alleged to have been sustained by his wife on a defective sidewalk on January 22, 1900. The allegations of the petition important to the inquiry are: "That on the 12th day of February, 1900, the plaintiff filed, and caused to be filed, for the purpose of giving notice of the accident on his account and for his own benefit, as well as on the account and benefit of his wife, in the office of the city clerk in the city of Lincoln, Lancaster county, Nebraska, a statement in writing, giving

full name, and the time, place, nature, circumstances and cause of the injury or damage complained of.  *  *  * And afterwards, on or about the 2d day of January, 1904, the plaintiff filed in the office of the city clerk of said city of Lincoln a statement of the amount of his claim, giving his full name as claimant, and the time, place, nature, circumstances and cause of the injury or damage complained of." A copy of the notice filed February 12, 1900, is attached to the petition and is as follows:

"LINCOLN, NEBRASKA, February 12, 1900.

"To the Honorable Mayor and City Council of the City of Lincoln, in Lancaster County, Nebraska.

"Gentlemen: Pursuant to section 86, chapter A, article one of the Compiled Statutes of Nebraska, for the year 1899, I herewith present to you my claim for damage against the city of Lincoln by reason of the accident and injuries hereinafter more fully and particularly described. On the afternoon of Tuesday, January 23, 1900, at about 3 o'clock P. M., while I was passing along and upon the sidewalk on the north side of F street, between Eighth and Ninth streets in the city of Lincoln, Nebraska, in front of the lot on which is located a residence known as 820 F street, being the sidewalk in front of lot No. 9 in block No. 162 in said city I was tripped by a loose and broken board in said sidewalk, and fell heavily upon said sidewalk, and thereby seriously injured my right arm, right leg, hip, back, and right side of my face, and my right eye, and broke, tore and lacerated the cords, ligaments and muscles of my right arm, right leg, hip, and back, and severely sprained and wrenched said cords, ligaments and muscles, and bruised and injured the nerves of the right leg, hip, back, and right eye, thereby permanently injuring said members. That said injuries were caused by the impassable and dangerous condition of said sidewalk at the place aforesaid, and without negligence on my part. Said sidewalk being then and there an old, dilapidated and partially worn out board walk, with

rotten stringers and boards, and on which were many loose and broken boards, and many holes through the same where boards had been removed, making said sidewalk uneven, impassable and unsafe, thereby causing me to trip and fall and sustain injuries to my damage, caused thereby and following therefrom, in the sum of $5,000. That said sidewalk was in said dilapidated, unsafe and impassable condition and allowed to remain so for more than three months prior to said 23d day of January, 1900, and, by reason of the aforesaid injuries, I claim of said city of Lincoln damage in the sum of five thousand dollars ($5,000). MARIE F. NOTHDURFT.

"STATE OF NEBRASKA, ⎱
  LANCASTER COUNTY. ⎰

"Marie F. Nothdurft, being first duly sworn, on her oath says: I am the claimant herein, and have read the foregoing claim and know the contents thereof, and believe the facts therein stated to be true, and that the amount claimed is correct, reasonable and just.

"MARIE F. NOTHDURFT.

"Subscribed in my presence and sworn to before me this 12th day of February, A. D. 1900.

"C. M. PARKER, *Notary Public.*

"My commission expires Feb. 9, 1906."

A general demurrer on behalf of the defendant was sustained in the trial court, and, the plaintiff electing to stand upon his petition, the case was dismissed, and he prosecutes error.

The statute in force at the time of the alleged injury was as follows: "All claims against the city must be presented in writing with a full account of the items, verified by the oath of the claimant or his agent, that the same is correct, reasonable, and just, and no claim shall be audited or allowed unless presented or verified as provided for in this section, and read in open council. * * * And to maintain an action against said city

for any unliquidated claim it shall be necessary that the party file in the office of the city clerk, within three months from the time such right of action accrued, a statement giving full name and the time, place, nature, circumstance, and cause of the injury or damage complained of." Comp. St. 1889, ch. 13a, art. I, sec. 36. By the provisions of this section two distinct acts on the part of the claimant are contemplated: First, a notice of the accident within three months from the time the cause of action accrued; and, second, the filing of a claim. The notice of the accident within the time specified is jurisdictional, except where special facts constituting a legal excuse for the delay intervene. *City of Lincoln v. Finkle*, 41 Neb. 575.

The only question presented for the consideration of this court is the one of the sufficiency of the notice of the accident, it being conceded that if the notice is insufficient the demurrer was properly sustained. A determination of this question requires a construction of the provisions of the statute quoted above. Does the statement of the notice set out in the petition and relied upon by the plaintiff in error meet the requirements of the statute? We are agreed that it does not. The purpose of the statute evidently was to require the party entitled to maintain the action to file a notice of the accident, containing a statement, among other things, of the name of the claimant, so that the proper city authorities might be advised whom it was that would claim damages by reason of the accident. The elements of damage sustained by the husband are essentially different from those sustained by the wife, and the only conclusion which the city authorities would be justified in reaching from the notice set out in the petition was that the wife was the claimant and the person with whom they were authorized to adjust any claim for damages that might arise. Any other conclusion would be manifestly unjust to the defendant, to whom no notice of the claim on the part of the plaintiff was given until almost four years after the

cause of action accrued. Nowhere in the notice of the accident does the plaintiff's name appear. On the contrary, it appears from the face of the notice that Marie F. Nothdurft was the claimant; in fact, she so swears in the verified statement. The allegation in the petition that the plaintiff caused to be filed, for the purpose of giving notice of the accident on his own account, a statement in writing is a mere conclusion and is not supported by the contents of the notice, which speaks for itself.

Counsel on either side have discussed the effect of the case of *Nothdurft v. City of Lincoln*, 66 Neb. 430, from which it appears that the wife prosecuted an action against the city on account of the injury complained of in her own name, and was defeated. We do not, however, consider that fact in the determination of this case. As it does not appear from the petition that the provisions of the statute requiring a statement to be filed by the claimant within three months of the time the cause of action accrued were complied with by the plaintiff, the petition fails to state a cause of action, and the demurrer of the defendant was properly sustained.

We recommend that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.