WILLIAM BARTELS, APPELLANT, v. DRAINAGE DISTRICT NO. 2, DAKOTA COUNTY, APPELLEE.

FILED JANUARY 28, 1932. No. 28041.

*Gill & Gill* and *George W. Leamer,* for appellant.

*William P. Warner, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and WRIGHT, District Judge.

PER CURIAM.

This is an action brought by a landowner against the defendant, a drainage district organized under the laws of the state of Nebraska, for damages occasioned by flood waters caused by the negligent construction and maintenance of the defendant's drainage ditch through the lands of plaintiff. The petition alleges that the damages sued for were suffered in 1927 and in 1928. But compliance with the requirements of section 31-551, Comp. St. 1929, is not alleged. It is indeed conceded in argument that no "actual notice in writing," as required by this section, was ever given by the plaintiff in this action. It also appears that several months elapsed after the infliction of the damages before this action was instituted.

A general demurrer to the petition on the ground that it failed to state facts sufficient to constitute a cause of action was sustained by the court, on the theory that the statute referred to requires the service of such a notice in the present case as a condition precedent to its maintenance. The plaintiff electing to stand on his amended petition, the proceedings were dismissed by the trial court. From this order plaintiff appeals.

The section referred to was enacted by the legislature of 1925 and constitutes chapter 127, Laws 1925. It carries as a title: "An act relating to drainage districts; to provide for the giving of written, detailed notice by claimant to drainage districts organized under the laws of Nebraska, covering damages to such claimants or their property, arising out of defects in the construction or maintenance of the districts' work and for the keeping of a record of such notice by the respective secretaries of said districts." Section 1 thereof provides in part: "That no drainage district organized under the laws of

Nebraska shall be liable for damages arising out of the construction or maintenance of any of the said districts' work unless actual notice in writing (here is set forth the statutory requirements of the same) shall be proved to have been filed with the secretary of the board of directors of said district, within thirty (30) days after the occurrence of such accident or injury, except in cases involving minors." It is conceded that the exception referred to in the words of the statute has no application in the present case. The meaning of this statute, construed as an entirety, especially when read in connection with its title, is plain. Its application to the subject-matter involved in this action is mandatory. It contemplates that "no drainage district organized under the laws of Nebraska shall be liable for damages arising out of the construction or maintenance of any of the said districts' work" unless and until the notice in writing prescribed by the terms of the statute is filed with the officer therein named. Compliance with its provisions is, therefore, a condition precedent to bringing and maintaining an action for damages under the conditions set forth therein. *Nothdurft v. City of Lincoln,* 75 Neb. 76; *City of Lincoln v. Finkle,* 41 Neb. 575; *City of Lincoln v. Grant,* 38 Neb. 369; *City of Hastings v. Foxworthy,* 45 Neb. 676; *Schmidt v. City of Fremont,* 70 Neb. 577; *McCollum v. City of South Omaha,* 84 Neb. 413; *Swaney v. Gage County,* 64 Neb. 627; *Bryant v. Dakota County,* 53 Neb. 755. In failing to embrace this necessary allegation, the petition demurred to failed to state a cause of action, and the trial court rightfully sustained the demurrer thereto.

It follows that the action of the trial court in dismissing the proceedings is correct, and the judgment is

AFFIRMED.