ISABELL R. BRIDGE, APPELLEE, V. CITY OF LINCOLN, APPELLANT.

293 N. W. 375

FILED JULY 19, 1940. No. 30856.

*Clarence G. Miles* and *Frederick H. Wagener,* for appellant.

*Lloyd E. Chapman, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

In grading and improving Forty-eighth street, defendant city, without permission or proceedings at law to au-

thorize its acts, went upon plaintiff's land, made excavations, changed the natural drainage, removed dirt therefrom, and damaged the same otherwise.

Plaintiff sues for damages, basing her action upon the constitutional provision that "The property of no person shall be taken or damaged for public use without just compensation therefor." Const. art. I, sec. 21. Plaintiff prevailed in the trial court. Defendant appeals.

By the force of the constitutional provision, a cause of action existed in favor of the plaintiff and against the defendant, no legislative enactment being necessary to give effect to the above section of the Constitution. *Douglas County v. Taylor,* 50 Neb. 535, 70 N. W. 27.

Defendant's charter provides: "In order to maintain an action for an unliquidated claim it shall be necessary, as a condition precedent, that the party file in the office of the city clerk within thirty days from the time such right of action accrues, a statement of the amount of the claim, giving full name of the claimant, the time, place, nature, circumstances and cause of the injury or damage complained of."

Conceding that no one can suffer a loss or damage to his property without just compensation, defendant contends that the charter provision provides a reasonable procedure for the enforcement of the constitutional right; that the filing of a claim is a condition precedent to the maintenance of the action; and that the plaintiff's failure to plead and prove that she had filed the claim bars a recovery.

Defendant cites *City of Lincoln v. Grant,* 38 Neb. 369, 56 N. W. 995; *City of Lincoln v. Finkle,* 41 Neb. 575, 59 N. W. 915; *City of Lincoln v. O'Brien,* 56 Neb. 761, 77 N. W. 76; *City of Lincoln v. Mays,* 2 Neb. (Unof.) 204, 96 N. W. 484; *Henry v. City of Lincoln,* 93 Neb. 331, 140 N. W. 664; *City of Hastings v. Foxworthy,* 45 Neb. 676, 63 N. W. 955; *Bartels v. Drainage District,* 122 Neb. 340, 240 N. W. 434.

Plaintiff contends that, in an action to recover damages, based upon the constitutional provision, it is not necessary to plead and prove a compliance with the charter provision.

*Weinel v. Box Butte County,* 108 Neb. 293, 187 N. W. 939; *Douglas County v. Taylor, supra; Wong Kee Jun v. City of Seattle,* 143 Wash. 479, 255 Pac. 645; *Johnson v. City of Duluth,* 133 Minn. 405, 158 N. W. 616; *City of Omaha v. Clarke,* 66 Neb. 33, 92 N. W. 146, are cited.

It seems a bit incongruous that the defendant should advance the proposition that it has not received a statement of the claim including "the time, place, nature, circumstances and cause of the damage complained of," when the defendant better than any one else knows those facts, for it, through its representatives, caused the damage, and obviously must have expected to compensate the owner in compliance with the mandate of the Constitution. However, a decision is not made upon that basis.

By a series of opinions based upon the constitutional provision herein cited, this court has held that, where a public agency undertakes by statutory methods to appropriate private property for public use and the owner of the property fails to file a claim for damages within the time fixed by law, notwithstanding that failure, the owner may either enjoin the appropriation of the property until provision for compensation has been made, or may recover damages therefor. *Pawnee County v. Storm,* 34 Neb. 735, 52 N. W. 696; *Livingston v. County Commissioners of Johnson County,* 42 Neb. 277, 60 N. W. 555; *Hodges v. Board of Supervisors of Seward County,* 49 Neb. 666, 68 N. W. 1027; *Propst v. Cass County,* 51 Neb. 736, 71 N. W. 748; *Hogsett v. Harlan County,* 4 Neb. (Unof.) 310, 97 N. W. 316; *Weinel v. Box Butte County, supra.*

The above being true, where a public agency proceeds under color of law, certainly the rule should apply with greater vigor to the taking of private property for public use without lawful warrant or claim of right.

In *Livingston v. County Commissioners of Johnson County, supra,* this court said: "To give section 21 of article 1 of the Constitution full effect it is necessary that a corporation which proposes to appropriate private property for public use shall take such steps as may be necessary to de-

termine the amount of damages resulting from such appropriation and provide payment therefor. This duty should be in no way dependent upon whether or not a claim for damages has been filed by the person whose property is to be taken."

"The law should be construed in such a way as to do justice and no strict rule applied that will rob a party of his property." *Pawnee County v. Storm, supra.*

If there is a conflict between the two, the city charter must yield to the constitutional provision.

Where a city charter is susceptible of two constructions, it is. the duty of a court to adopt the construction which, without doing violence to the fair meaning of the charter, renders it in accord with the Constitution. *Beisner v. Cochran, ante,* p. 445, 293 N. W. 289.

An unliquidated claim, as used in the charter provision, does not include a claim for compensation for the taking or damaging of private property for public use. It follows that, in an action to recover compensation for the taking or damaging of private property for a public use, based upon the constitutional provision, it is not necessary for plaintiff to plead or prove that she filed a claim therefor with the defendant city as provided by the charter.

It is recognized that certain holdings of this court, in cases cited by the defendant, may be construed to be ·in conflict with this conclusion. No fine distinctions will be made. Any statements in our previous decisions contrary to the conclusion here are expressly overruled. ·

We find no reversible error in the assignments with reference to the amount of the verdict and the admission of evidence.

AFFIRMED.

MESSMORE, J., concurring.

I concur in the result reached in the majority opinion. The provisions of the home rule charter of the city of Lincoln are sufficiently contained in the majority opinion.

· At the close of plaintiff's evidence, defendant moved the court to dismiss the petition in that she failed to allege and

prove that she filed a claim for damages with the city in the office of the city clerk within 30 days after the acts of which she complains were committed, as provided by the home rule charter, the same being a claim for unliquidated damages. This motion was overruled, and this ruling is assigned as error.

Defendant cites *City of Lincoln v. Grant,* 38 Neb. 369, 56 N. W. 995, and *City of Lincoln v. Finkle,* 41 Neb. 575, 59 N. W. 915. The majority opinion, in effect, overrules these two cases in so far as they conflict with the opinion in the instant case. The foregoing are cases that had to do with the changing of a grade, resulting in damage to property. In *City of Lincoln v. Grant, supra,* on page 373, we find the following language with reference to notice:

"*It is true the right to recover for damage to private property in like cases is reserved by the Constitution, but there is no doubt that the legislature may regulate the remedy and prescribe the forms to be observed in order to enforce that right. The only limitation upon the legislative authority is that the regulation must be reasonable and provided by general laws of uniform operation.*" (Italics ours.) The plaintiff in the *Grant* case failed to file a notice as required by the charter of the city of Lincoln. She having failed to meet the requirement of the charter, the city prevailed.

Section 21, art. I of the Constitution of Nebraska, provides: "The property of no person shall be taken or damaged for public use without just compensation therefor." This constitutional provision is referred to in the italicized language above. In the instant case the city actually appropriated a strip of land, using the same for a borrow pit, taking and using 2,000 feet of dirt, and rendering the land useless. In *City of Lincoln v. Grant, supra,* and in *City of Lincoln v. Finkle, supra,* there was no appropriation of land. This is the distinction between those two cases and the case at bar, and the former need not be overruled.

. I believe the facts in the instant case come within the italicized language quoted from the *Grant* case, and consti-

tute a limitation upon the legislative authority (the city) in that the regulation, which the city seeks to apply and enforce with reference to requiring notice, is unreasonable.

Under the circumstances, plaintiff is not required to plead or prove that she filed a claim as provided for by the city charter.