COMMERCIAL NATIONAL BANK OF OMAHA, APPELLEE, V. JOHN GRANT, APPELLANT.

FILED APRIL 5, 1905. No. 13,406.

Pledge: FORECLOSURE: DEFICIENCY JUDGMENT. In an action to foreclose the lien of a pledge, the district court has jurisdiction to render judgment for a deficiency remaining after the pledged property has been exhausted.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Hall & McCulloch,* for appellant.

*W. W. Morsman,* contra.

SEDGWICK, J.

The defendant John Grant gave his promissory notes to the plaintiff, and as collateral to secure the payment thereof pledged to the plaintiff shares of the capital stock of the Grant Paving Company. This action was brought in the district court for Douglas county to foreclose the lien of the pledge. For this purpose the petition contained the usual allegations and prayer, and also contained the prayer that the plaintiff should have permission to apply for judgment for any deficiency which might remain after the sale of the stock. There was a decree of foreclosure and the stock pledged was sold thereunder. Objections were filed to the confirmation of the sale and to the entering of a deficiency judgment. These objections were overruled and the sale confirmed, and a judgment entered against the defendant for the deficiency. From this decree the defendant appeals.

1. Some technical objections were interposed to the regularity of the sale of the pledged stock, but these objections were practically abandoned at the argument, and do not seem to be substantial nor to require further discussion.

2. The main question which the defendant, who is appellant here, presents to this court is as to the power of the court to enter a deficiency judgment in an action to foreclose a pledge. We have no doubt that the judgment of the district court is correct in this regard. It is insisted by the defendant that, when an action to foreclose a pledge has proceeded so far as to confirm the sale which has been ordered and apply the proceeds thereof upon the indebtedness, the plaintiff may commence an action in the same court to recover the deficiency, but he cannot file a pleading in the same action and ask for that deficiency. This may be in harmony with the old practice alluded to in the Michigan case which seems to be relied upon (*Johnson v. Shepard*, 35 Mich. 115), but it is not in harmony with our code. We have but one district court, and but one form of action, and may join as many causes of action as we may have whether they be legal or equitable or both. Why should a plaintiff be compelled to have two actions instead of one when the whole matter can be disposed of in one action? The answer made in the argument is that the causes of action which may be united in the same suit must be existing and not merely prospective causes of action. It seems to be supposed that *Weinland v. Cochran*, 9 Neb. 482, in which such language is used, disposes of this case. In that case it was sought to unite a cause of action to set aside a fraudulent conveyance and subject the land to the lien of the judgment, when judgment should be obtained, with a cause of action upon an indebtedness to obtain the judgment, and it was said that no right of action to set aside the fraudulent conveyance existed until the judgment had been obtained. There, the cause of action to set aside the conveyance was based upon the judgment. Here, the cause of action is based upon the prom-

issory notes, which existed when this action was begun. The plaintiff in this case might have begun his action upon the note at the time he began his action to foreclose, or he might begin his action to foreclose, or he might bring both actions together, under our code. The appellant virtually concedes this when he says that probably the plaintiff might have brought his action upon the notes and in the same action have asked that the securities be sold and applied upon the judgment; that is, he may set up both matters in his petition, provided he sets out the right one first, but he cannot invert the order. It may be conceded that the chancery courts of an early day had no jurisdiction of common law actions. The chancery courts and common law courts being then entirely distinct tribunals, questions frequently arose as to the jurisdiction and prerogatives of the respective courts. An action brought in the wrong court must fail because of a want of jurisdiction to entertain it. At a later day and while the distinction between courts of law and courts of equity was maintained, the practice obtained in some of the states, where both courts were presided over by the same judge, of transferring causes from the equity side to the law side of the court, or *vice versa*. Under such practice questions might arise in regard to jurisdiction of causes of action which cannot arise under a practice giving the same court general chancery and common law jurisdiction. In such a court there can be no question of jurisdiction, and, under section 87 of our code, there can be no question of the proper practice and procedure.

It was admitted upon the argument that there is no distinction between actions of foreclosure of pledges and those of foreclosure of chattel mortgages in this regard. That it is the proper practice to enter deficiency judgments in such cases is indicated or assumed, if not declared, and so far as we have observed has never been denied, in jurisdictions under code practice similar to ours. 7 Cyc. 102, and notes.

In an action to foreclose a chattel mortgage, the su-

preme court of Oregon held that a personal judgment could not be rendered against one who had purchased the property from the mortgagor, without showing that such purchaser had sold or disposed of the property, or that it could not be produced or delivered so as to satisfy the indebtedness. The reason for this is that the purchaser was not originally liable for the indebtedness and would not make himself so by simply purchasing the property. The court, however, said:

"I think it might properly be decreed, where the evidence showed that the party in such case had disposed of the property, that he be required to pay its value, or a sufficient part thereof to make up any deficiency that might be found after applying the proceeds of the sale of the remaining property to the payment of the debt." *Commercial Nat. Bank v. Davidson,* 18 Ore. 57, 22 Pac. 517.

The supreme court of Illinois in *Wylder v. Crane,* 53 Ill. 490, which was an action to foreclose a chattel mortgage, said:

"It is urged that the court below should have rendered a decree against Crane (the mortgagor) for the balance of the debt due to plaintiff in error. If, after failing to establish a right to equitable relief against the property, he was entitled to such a decree, having, as he had, a complete remedy at law, he should have asked for the decree. Such relief was not prayed for in the bill, and to have received it he should have asked for it under the prayer. If entitled to receive it, and he had asked for it, the court below would have granted it."

And the supreme court of South Carolina held, in an action to foreclose a mortgage on property which is in the possession of the defendant, who holds both a senior and junior mortgage on the same property, and who is not personally indebted to the plaintiff, it is error to give a personal judgment against such defendant. The ground for this decision is plainly stated in the opinion:

"As far as we can see, the defendant was not personally indebted to plaintiff, either by contract, or in any

other way." *Edwards v. Dorgan,* 30 S. Car. 177, 8 S. E. 858.

It is said by the supreme court of Washington in *Weir v. Rathbun,* 12 Wash. 84, 40 Pac. 625, that their statute, fairly construed, contemplates a decree for the foreclosure of a mortgage and, in a proper case, for a personal judgment in the same action. The opinion does not disclose the provisions of the statute alluded to.

This court appears to be committed upon the principle involved. In *Kloke v. Gardels,* 52 Neb. 117, the plaintiffs alleged in their petition that they had sold real estate to the defendant and had given him a written contract of sale of the same, by which contract the defendant had agreed to pay a stated sum which was paid upon the delivery of the contract, and agreed to pay the remainder of the purchase price on a given day, and that possession of the land was agreed to be given to the defendant upon the payment of the purchase price; that the defendant had failed to pay the purchase price as agreed, and "there was a prayer that Gardels be required to perform his part of the agreement, or, in case of his refusal, the real estate might be sold and the proceeds of such sale applied to the payment of the amount the court should find due the plaintiffs, and in case of a deficiency, Gardels might be decreed liable therefor." A decree was entered by default that, "in case Gardels should fail to pay the sum found due by a day stated, his interest in such real estate should be appraised, advertised and sold by the sheriff of the county to make and raise the sum found due; and if there was not realized from the proceeds of such sale a sufficient sum to pay the amount found due by the decree, Gardels should be liable to the plaintiffs for such deficiency." Afterwards, in pursuance of this decree, the defendant's interest in the land was sold and the proceeds applied upon the amount found due the plaintiffs, and the plaintiffs then filed "a formal petition reciting the proceedings to foreclose the land contract, the decree rendered therein, the sale of the premises, and the application of the proceeds to the amount found

due by the decree, and the amount remaining due them after such application of the proceeds of sale, and prayed for judgment against Gardels for such deficiency." The defendant answered the petition and the plaintiffs replied to the answer. In the opinion, after saying that the power to render a deficiency judgment was not derived from the statute, the court said:

"But there is in this state but one form of action, namely, a civil action; and the differences between actions at law and actions in equity, so far as the form of such actions is concerned, are abolished by the code, and the district courts, both by statute and the constitution, are invested with general legal and equitable jurisdiction. The district court, then, was not without jurisdiction to render the deficiency judgment asked for in this case simply because the deficiency grew out of an executory contract for the sale of real estate which had been foreclosed as a mortgage. It may be that Kloke and others were under the necessity of filing a petition (of course in the same action) as in a suit at law for the recovery of the deficiency which they claim to be due them. It may be that Gardels should have been given an opportunity to answer as in other actions at law; that issues should have been framed and tried to a jury; and had all this been done certainly it would not be claimed that the district court was without jurisdiction to enter a judgment for the deficiency found by such jury. * * * How, then, can it be said that the district court was without jurisdiction of the subject matter of this proceeding for deficiency judgment? * * * We do not decide in this case whether a district court which has foreclosed an executory contract for the sale of real estate as a mortgage, and caused the premises to be sold and the proceeds applied toward the payment of the amount found due, may in that action and as a court of equity, without further pleadings, render a personal judgment against the parties liable for the deficiency. But we do decide in this case that the district court had unquestioned jurisdiction to entertain the pro-

ceeding as instituted herein for the deficiency judgment and itself try the issues and render the judgment for deficiency without a jury, as neither party demanded one."

It appears from the latter part of this quotation from the opinion that the question left undetermined was whether the court could proceed to enter the deficiency judgment against the objection of the defendant without requiring an issue to be made up in the action and allowing the defendant, if insisted upon, a jury trial thereon. That the court should proceed in the same action to dispose of the whole matter and render a judgment for the deficiency is clearly determined.

What effect should be given to the action of our legislature in enacting the provisions of section 847 of the code so far as relates to the entering of deficiency judgments in the foreclosure of real estate mortgages and afterwards repealing the same, it is not necessary to determine in this case. If it were an open question in this state as to the duty of a court of equity to enter a deficiency judgment in the foreclosure of real estate mortgages, in the present condition of our legislation the writer would be inclined to give careful consideration to the opinion of the supreme court of Wisconsin in *Sauer v. Steinbauer,* 14 Wis. 76. This question, however, is not involved in the case at bar.

The judgment of the district court is

AFFIRMED.