WILLIAM LEDINGHAM, APPELLEE, v. FARMERS IRRIGATION DISTRICT, APPELLANT.

281 N. W. 20

FILED JULY 15, 1938. No. 30370.

*Neighbors & Coulter* and *Lester A. Danielson,* for appellant.

*Morrow & Morrow, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and MESSMORE, JJ., and RYAN, District Judge.

ROSE, J.

This is an action by William Ledingham, plaintiff, to recover from the Farmers Irrigation District, defendant, $3,500 in damages to growing crops by its failure to deliver to him from the North Platte river, through its canal, the quantity of irrigating water to which he was entitled during July, August and September, 1934, under his appropriation and vested contract right.

In an answer to the petition defendant denied the allegations on which plaintiff's claim for damages is based and pleaded failure of plaintiff to give in writing statutory notice essential to a recovery for such alleged damages. It pleaded also that a former suit barred the present action. New matter in the answer was traversed by a reply.

Upon a trial of the issues raised by the pleadings, the jury rendered a verdict in favor of plaintiff for $355.10. From a judgment therefor defendant appealed.

The first contention of defendant is that the judgment is fatally erroneous because plaintiff did not give defendant in writing statutory notice of his claim for damages. The

statute upon which defendant relies for a defense reads thus:

"Every irrigation district within the state of Nebraska shall be liable in damages for negligence in delivering or failure to deliver water to the users from its canal to the same extent as private persons and corporations: Provided, however, such districts shall not be liable as herein provided, unless the party suffering such damage by reason of such negligence or failure shall, within thirty days after such negligent acts are committed, or such districts shall fail to deliver water, serve a notice in writing on the chairman of the board of directors of such district, setting forth particularly the acts committed or the omissions of duties to be performed on the part of the district, which it is claimed constitute such negligence or omission, and that he expects to hold such district liable for whatever damages may result." Comp. St. 1929, sec. 46-171.

An elaborate argument is directed by defendant to the proposition that written notice is a condition precedent to the right of plaintiff to recover damages for failure to deliver the quantity of water demanded by him, that such notice was not given and that therefore the action should have been dismissed. On the contrary, plaintiff takes the position that written notice applies alone to damages for negligence, whereas damages recoverable by plaintiff arose exclusively from the violation of his legal appropriation for a specific quantity of available water flowing naturally in the North Platte river and from a breach of his vested contract right to have such water delivered at the headgate of the lateral channel to his irrigable lands.

"Every irrigation district within the state of Nebraska," says the statute, "shall be liable in damages for negligence in delivering or failure to deliver water to the users from its canal to the same extent as private persons and corporations." This language from the text quoted needs no construction. Its plain import is that it is legislation on damages for negligence. It does not apply to damages for violation of the appropriation for water and for breach of

the contract to furnish water for irrigation. There is no reason for stretching the language beyond its terms. Written notice is limited to damages for negligence. Negligence of defendant is not involved herein. Defendant denied the right of plaintiff to the quantity of water demanded by him and deliberately contested that right to the end of former litigation on the same subject. In the prior suit defendant was chargeable with notice of plaintiff's appropriation and of his vested right and insisted on conveying available water, to which plaintiff was entitled, beyond his headgate to other irrigators having subsequent appropriations and subordinate rights.

In the former suit for an injunction to prevent invasion of plaintiff's water rights, the history of those rights and the quantity of water to which plaintiff is entitled were explained in detail and repetition of the facts and of the conclusions is unnecessary. It was adjudicated that plaintiff herein is entitled, under his appropriation and vested water-right contract, to sufficient water from the natural flow of the river to properly irrigate the lands to which the water is applied, "not exceeding one second-foot for each 70 acres of land and not exceeding a total of three acre-feet during each irrigation season." *Vonburg v. Farmers Irrigation District*, 132 Neb. 12, 270 N. W. 835. The adjudication in the former case binds defendant in the present case. Under the facts and circumstances neither law nor equity required in advance of suit written notice of plaintiff's claim herein for damages as a condition precedent to recovery thereof.

Defendant urges the further defense that the cause of action in which equitable relief was granted to plaintiff in the former suit necessarily included the damages allowed herein and precluded recovery therefor in the action at bar. It is argued that the entire controversy involving the equitable relief granted and the subsequent recovery of damages in the present action at law was determinable in the former suit in equity and that the splitting of what defendant calls a single cause of action is condemned as wholly untenable.

The pleadings and judgment in the decided case of Vonburg, Ledingham and others against Farmers Irrigation District, 132 Neb. 12, 270 N. W. 835, are copied in the present record. That action was not one for specific performance of a contract. As already pointed out, the remedy sought was a determination of the quantity of water to which plaintiff is entitled under his appropriation and a permanent injunction to prevent defendant from invading his vested contract rights to specific quantities of water for purposes of irrigation. Damages were not pleaded, presented, proved or determined in the former case. There is some diversity of judicial opinion on this subject in vast fields of litigation, but the better view seems to be that, in a situation like the present, the granting of an injunction is not necessarily a bar to an action at law for damages caused by the wrong enjoined. See *Perdue v. Ward*, 88 W. Va. 371, 106 S. E. 874, and cases cited in note in 14 A. L. R. 543; *Chapman v. General Petroleum Corporation*, 152 Or. 147, 52 Pac. (2d) 190.

Error in the proceedings and judgment of the district court has not been found.

AFFIRMED.