LOUIE SCHREINER, APPELLANT, V. WILLIAM WITTE, JR., APPELLEE.

8 N. W. (2d) 831

FILED MARCH 26, 1943. No. 31519.

Thomas E. Dunbar, for appellant.

Moran & James and D. W. Livingston, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

This is an action in equity to foreclose a chattel mortgage. The petition contains the necessary allegations. The prayer reads in part: "In case of a deficiency existing after the application of said proceeds of said sale that judgment be entered against defendant for same, and for such other and further relief as may be just and equitable." Defendant's answer contained a general denial, and by an amended cross-petition alleged an oral agreement of partnership for the purpose of engaging in business, and that the plaintiff, without excuse, quit and abandoned the business, setting forth the factual situation, in that, as a result of plaintiff's acts, the defendant was damaged in the sum of $2,500; the second cause of action was based upon an amount due the defendant for failure of the plaintiff to pay half of the personal taxes, and a third cause of action based upon certain merchandise purchased by the plaintiff from the defendant. To defendant's answer and amended cross-petition plaintiff replied, admitted the partnership, denied it was to continue indefinitely and stated it had terminated; denied that there was any duress or threat made by the plaintiff in disengaging in the business; stated that the defendant and his counsel were apprised of all facts with reference to the chattel mortgage; denied liability as to the second cause of action, with reference to personal taxes; admitted that he owed the amount of $51 for merchandise purchased. The reply of defendant to plaintiff's answer to defendant's amended cross-petition was, in effect, a general denial.

The court found generally for the plaintiff and against the defendant; that plaintiff was entitled to a decree of foreclosure of the chattel mortgage and sale of the mortgaged property; found the amount due, and that the same constituted a first lien on the chattels; found in favor of the defendant on the third cause of action in his cross-

petition, and awarded judgment against the plaintiff for $57.95 which plaintiff paid, and found against the defendant on the first and second causes of action set forth in his cross-petition, and entered a decree in accordance with such findings. Sale of the mortgaged chattels was held, plaintiff purchased the chattels, and the sale was confirmed. Thereafter the plaintiff filed a motion to have a deficiency judgment entered in the sum of $1,450.99. Defendant filed objections to the jurisdiction of the court. The pertinent objection to here consider is that the court had no statutory authority to render a deficiency judgment which might exist in foreclosure of any mortgage on real or personal property; that the plaintiff has an adequate remedy at law for whatever is due herein on any contract or obligation, and the defendant is entitled, as a matter of law, to appear and defend in a jury trial any legal claim which plaintiff has against him.

The court overruled the motion for deficiency judgment, finding that defendant is entitled to a jury trial, which he demands, on the amount of any deficiency due plaintiff. Plaintiff was given leave to file an action at law for any deficiency, and for such purpose may withdraw the original note. From this order plaintiff appeals.

Plaintiff contends that the court erred in denying entry of a deficiency judgment for the reason that, where a court of equity obtains jurisdiction of an action, it retains it and administers full relief, both legal and equitable.

The court based its refusal to enter the deficiency judgment on the language contained in section 20-2141, Comp. St. Supp. 1941, which reads: "When a petition shall be filed for the satisfaction of a mortgage, the court shall have the power only to decree and compel the delivery of the possession of the premises."

Defendant's contention is: The legislative use of the word "premises" is broad and inclusive and covers chattels, and, foreclosure of chattel mortgages being grounded in the same jurisdiction courts of equity have to foreclose real estate mortgages, chattel mortgage foreclosures are subject

to the same statutory limitations as the foreclosure of real estate mortgages. The word "premises" is used both in law and in common speech to indicate lands and tenements. *Robinson v. Mercer County Mutual Fire Ins. Co.*, 3 Dutch. (N. J.) 134. It has on occasion been loosely applied to include personal property, such as a vessel, and some cases apply the word to chattels. The application, however, is not generally accepted, and such cases are few in number. Webster's New International Dictionary (2d ed.) defines the word "premises" as: "The property conveyed in a deed; hence, in general, a piece of land or real estate; sometimes, esp. in fire-insurance papers, a building or buildings on land; as, to lease *premises;* the *premises* insured."

We conclude that section 20-2141, Comp. St. Supp. 1941, by the use of the term "premises," does not refer to deficiencies wherein chattel mortgages are involved.

Section 20-101, Comp. St. 1929, provides: "The distinctions between actions at law and suits in equity, and the forms of all such actions and suits heretofore existing, are abolished; and in their place there shall be hereafter but one form of action, which shall be called a 'civil action.' "

This court in *Hopkins v. Washington County,* 56 Neb. 596, 77 N. W. 53, held: "The distinction between law and equity is not abolished in this state. Section 2 of the Code of Civil Procedure, however, provides that there shall be but one form of action, called a 'civil action,' in which rules of law or doctrines of equity may, under proper pleading and proper states of facts, either or both be enforced." See, also, *City of Fremont v. Dodge County,* 130 Neb. 856, 266 N. W. 771.

The defendant in the instant case submitted himself to a court of equity, set up his defense by way of cross-petition, and affirmatively alleged damages, that plaintiff was indebted to defendant for merchandise purchased and personal taxes paid by defendant.

"It is a well-settled principle of equity jurisprudence that where a court of equity has obtained jurisdiction of a cause for any purpose it will retain it for all, and will proceed to

a final determination of the case, adjudicate all matters in issue, and thus avoid unnecessary litigation." *Buchanan v. Griggs,* 20 Neb. 165, 29 N. W. 297. See, also, *Glissmann v. Bauermeister,* 139 Neb. 354, 362, 297 N. W. 617, 299 N. W. 225.

This court in *Commercial Nat. Bank of Omaha v. Grant,* 73 Neb. 435, 103 N. W. 68, held: "In an action to foreclose the lien of a pledge, the district court has jurisdiction to render judgment for a deficiency remaining after the pledged property has been exhausted." The petition in the above case contained a prayer that the plaintiff should have permission to apply for judgment for any deficiency which might remain after the sale of the stock. The petition in the instant case likewise prayed for a deficiency judgment. The main question presented in the *Grant* case is with reference to the power of the court to enter a deficiency judgment in an action to foreclose a pledge. In speaking of the Code, this court said:

"We have but one district court, and but one form of action, and may join as many causes of action as we may have whether they be legal or equitable or both." And on page 437, the court said: "It was admitted upon the argument that there is no distinction between actions of foreclosure of pledges and those of foreclosure of chattel mortgages in this regard. That it is the proper practice to enter deficiency judgments in such cases is indicated or assumed, if not declared, and so far as we have observed has never been denied, in jurisdictions under code practice similar to ours. 7 Cyc. 102, and notes." The point decided was that the court unquestionably had jurisdiction to entertain the proceedings as instituted for the deficiency judgment, and to make the judgment for deficiency without a jury, as neither party demanded a jury trial.

The case of *Parratt v. Hartsuff,* 75 Neb. 706, 106 N. W. 966, involved the foreclosure of a real estate mortgage. The procedure would be no different in foreclosure of a chattel mortgage with respect to motion for deficiency judgment. In the above case plaintiff filed a motion for deficiency for

the balance due after the coming in of the report of sale against various defendants and others; defendants filed objections and answers. It was held: "Application for a deficiency judgment may be heard on a motion after the coming in of the report of the sale."

The plaintiff in the instant case followed the correct procedure. The defendant is not now entitled to a jury trial. He voluntarily brought a law issue into the case. He had a right, if he was so minded, to file his amended cross-petition for damages in this equity suit. It was an independent cause of action, existing in defendant's favor, and would not be lost to him, or barred, if he had left it out of this suit. *Morrissey v. Broomal*, 37 Neb. 766, 56 N. W. 383.

The familiar principle is, as heretofore stated: When a court of equity acquires jurisdiction over a cause for any purpose, it may retain the cause for all purposes, and proceed to a final determination of all matters at issue in the case. 1 Pomeroy, Equity Jurisprudence (5th ed.) sec. 181, and cases cited.

We are unable to find a reason, under our decisions, why, in the foreclosure of a chattel mortgage, an exception should be made to the salutary rule of equity as heretofore pronounced. The effect of the trial court's judgment is that plaintiff must again litigate the issues between himself and the defendant, so that defendant may submit the questions presented to a jury.

The judgment of the trial court is reversed, and the court directed to enter a deficiency judgment in favor of the plaintiff for the proper amount due.

REVERSED.