VIC COVER ET AL., APPELLEES, V. PLATTE VALLEY PUBLIC
POWER AND IRRIGATION DISTRICT, A PUBLIC CORPORATION,
APPELLANT.

57 N. W. 2d 275

Filed March 6, 1953.   No. 33261.

*Crosby & Crosby,* for appellant.

*Smith Brothers,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages by Vic Cover, Jesse
Henry, and Elvira Henry, plaintiffs and appellees, against
Platte Valley Public Power and Irrigation District, a
public corporation, defendant and appellant.   The ac-
tion was tried to a jury and a verdict was returned in
favor of plaintiffs and against the defendant for $5,047.
Judgment was rendered on the verdict.   An alternative
motion for judgment notwithstanding the verdict or for
a new trial was duly filed.   This motion was overruled.
From the judgment and the order overruling the alter-
native motion for judgment notwithstanding verdict or
for a new trial the defendant has appealed.

The background of facts which provides the basis for
the action is that the plaintiffs Jesse Henry and Elvira
Henry at all times of concern here were the owners

of lands in the northeast quarter of Section 9, Township 11 North, Range 23 West of the 6th P. M., Dawson County, Nebraska, and the plaintiff Vic Cover was during the year 1949 the tenant of 35 acres of these lands, on which 35 acres of land Cover planted potatoes.

The defendant was and is a public power and irrigation district. In its capacity as an irrigation district it furnished and supplied water for irrigation to lands in this area under three appropriations aggregating 295 acre-feet per second. Some water was supplied for certain acreages under permanent water-right deeds. The 35 acres involved here was entitled to no water pursuant to a permanent water-right deed. A permanent water right however did attach to some part of the land in the quarter section of which the 35 acres is a part.

The defendant by unilateral declaration established a program of furnishing water to land having no right or claim to irrigation water provided that the land is in a quarter section a part of which has a water-right deed and provided that there is water available over and above that required to supply the holders of water-right deeds. Such water is described as over-water.

The declaration provides that two waterings of over-water may be used if desired and if water is available with a limit for the two waterings of 1 acre-foot of water per acre. The declared charge is the same for one watering as for two if only one is used.

The plaintiffs, on or about July 5, 1949, requested over-water for the 35 acres and received it between that date and July 15, 1949. On or about July 26, 1949, they requested over-water for the same land.

By their petition they declared this request was not complied with until about August 8, 1949, although water was available for use upon the 35 acres of land. They charged that the potatoes which were planted on the 35 acres of land were in need of water on the day when the water was ordered, that because of the lack

of irrigation the potatoes which were grown were of such an inferior quality as to constitute a total crop failure, and that the sole and proximate cause of the crop failure was the defendant's negligence and wrongful refusal to provide water when requested, for which a judgment for damages was prayed.

To the petition the defendant filed a general demurrer which was in due course overruled.

Thereafter an answer was filed wherein, after formally responding to the allegations as to the capacity of plaintiffs to sue and the corporate capacity of the defendant, the defendant admitted that plaintiffs for the year 1949 were entitled to the delivery of over-water when the same was available. It admitted that water was available for delivery in its canal. It also admitted the delivery pursuant to the first request between July 5 and July 15, 1949.

It denied however that it failed to make delivery pursuant to the request of July 26, 1949, and said that the request was complied with by the commencement of delivery on July 29, 1949, and ending thereof about August 7, 1949, and that it made delivery to the extent that water was available. It denied that the plaintiffs suffered any damage as the result of negligence on the part of the defendant.

The plaintiffs filed a reply in the nature of a general denial.

The brief contains numerous assignments of error as grounds for reversal. However, upon a determination of the first and sixth assignments of error, which in effect are the same, will depend the question of whether or not the other assignments require consideration.

The two assignments together assert that the petition failed to state a cause of action in that action is barred by section 46-160, R. R. S. 1943, which provides there shall be no liability upon an irrigation district for damages for negligence in delivering or failure to deliver water to users unless the party suffering such damages

shall, within 30 days after the acts of negligence are committed or the district fails to deliver water, serve notice in writing on the chairman of the board of directors setting forth the acts of omission complained of, and shall commence action within 1 year from the time the cause accrued.

After the impaneling of the jury and before the introduction of any evidence the defendant objected to the introduction of any evidence. The basis of the objection was the same as that of these two assignments. The general demurrer in probability had the same basis. In any event, no question was raised on the trial as to the right of the defendant to raise the question of the limitation of the statute.

The petition on its face discloses that the action had not been instituted within 1 year from the time the cause accrued and it contains no allegation that the statutory notice was ever served. The alleged failure to deliver water occurred in July and August 1949, and the suit was not filed until November 28, 1951.

Section 46-160, R. R. S. 1943, is as follows: "Every irrigation district within the State of Nebraska shall be liable in damages for negligence in delivering or failure to deliver water to the users from its canal to the same extent as private persons and corporations; *Provided, however,* such district shall not be liable as herein provided, unless the party suffering such damages by reason of such negligence or failure shall, within thirty days after such negligent acts are committed, or such districts shall fail to deliver water, serve a notice in writing on the chairman of the board of directors of such district, setting forth particularly the acts committed or the omissions of duties to be performed on the part of the district, which it is claimed to constitute such negligence or omission and that he expects to hold such district liable for whatever damages may result; *provided, further,* such action shall be brought within one year from the time the cause has accrued."

The petition by its terms is grounded on negligence and the case was tried on the theory of negligent failure of the defendant to deliver water. If this theory is to be controlling in the determination herein then it must be said that right of action by the plaintiffs has been barred by the statute.

In a comment on the force and effect of the statute in a case which presented the question of whether or not this statute had application, this court said: " 'Every irrigation district within the state of Nebraska,' says the statute, 'shall be liable in damages for negligence in delivering or failure to deliver water to the users from its canal to the same extent as private persons and corporations.' This language from the text quoted needs no construction. Its plain import is that it is legislation on damages for negligence. It does not apply to damages for violation of the appropriation for water and for breach of the contract to furnish water for irrigation. There is no reason for stretching the language beyond its terms. Written notice is limited to damages for negligence. Negligence of defendant is not involved herein." Ledingham v. Farmers Irr. Dist., 135 Neb. 276, 281 N. W. 20.

The plaintiffs however say that this statute is not controlling. They say that the action is for damages for violation of an appropriation for water and for a breach of contract for irrigation. They rely for support of their position on Ledingham v. Farmers Irr. Dist., *supra*.

Substantially they insist that when they ordered water on July 5, 1949, which order was accepted and fulfilled by the defendant, that thereby an appropriation and contract for a second watering, if water was available, came into being, and that for failure of delivery there was a breach of an appropriation and of contract on the part of the defendant within the meaning of Ledingham v. Farmers Irr. Dist., *supra*.

With this contention we cannot agree. The clear im-

port of the opinion in that case was to remove from the application of the statute only appropriations and executed contracts to furnish water for irrigation. In the opinion, in fact, it is pointed out that the subject being considered was a vested right.

Here there was no appropriation and no vested right. There was no antecedent contract to deliver water.

The most that can be said is that on July 5, 1949, and again on July 27, 1949, an agreement came into being on the part of defendant to deliver water from its canals to plaintiffs as water users, and that it negligently, as plaintiffs contend, failed to make delivery.

If any meaning is to be given to the statute it is evident that it embraces situations such as this one. Otherwise it is difficult to conceive of a situation wherein it would have application. We think it does have application.

The plaintiffs urge further that the provision has no application for the reason that the provision is a part of the chapter dealing with irrigation districts whereas the defendant is a public power and irrigation district. In this connection they rely on the rule announced in Faught v. Platte Valley Public Power & Irr. Dist., 155 Neb. 141, 51 N. W. 2d 253, as follows: "A contract with an irrigation corporation for the use of water is executed with reference to the statutes and laws prescribing its authority, which become a part of the contract. The subsequent purchase of such corporation by a public power and irrigation district does not of itself, without appropriate legislative action or consent of the consumer, actual or implied, make the statutes and laws under which it was authorized to organize and operate a part of the original contract made with the irrigation corporation."

As an abstract statement of principle no fault may be found with this pronouncement but it can have no force or effect here. The provision now appears as a section of the chapter dealing with irrigation districts

for convenience. It was enacted originally as an independent act. Laws 1911, c. 164, § 1, p. 538. By its terms and title it attaches to all irrigation districts in the State of Nebraska.

It must be said therefore that plaintiffs' petition disclosed on its face that action was barred by the limitation contained in section 46-160, R. R. S. 1943. Accordingly, the defendant having filed a motion for a directed verdict or for dismissal at the close of plaintiffs' evidence, which was overruled, and having renewed the motion at the close of all the evidence, which was again overruled, the motion for judgment notwithstanding the verdict should have been sustained.

The judgment of the district court is therefore reversed and the cause remanded with directions to render judgment notwithstanding the verdict in favor of defendant.

REVERSED AND REMANDED WITH DIRECTIONS.