ALVINA WISCHMANN ET AL., APPELLEES, V. RALPH RAIKES, APPELLANT.

92 N. W. 2d 708

Filed October 31, 1958. No. 34368.

*Kennedy, Holland, DeLacy & Svoboda, William P. Mueller, Gross, Welch, Vinardi & Kauffman, Malcolm D. Young,* and *Bryant, Christensen & Sullivan,* for appellant.

*John J. Edstrom, Nelson & Harding,* and *Duane W. Acklie,* for appellees.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

The action out of which the proceeding grows was by Willy Wischmann and Alvina Wischmann, husband and wife, plaintiffs, who were the owners of the northeast quarter and the north half of the southeast quarter of Section 21, Township 13, Range 9, Saunders County, Nebraska, against Ralph Raikes, defendant, who was the owner of the northeast quarter except the right-of-way of the Chicago, Burlington & Quincy Railroad Company and a small tract north and east of this right-of-way, the southeast quarter, the northeast quarter of the southwest quarter, and the northwest quarter of Section 18; and the southwest quarter, except the right-of-way of the Chicago, Burlington & Quincy Railroad Company and a small tract north of the said right-of-way, and that part of the northwest quarter south of

the right-of-way of the Chicago, Burlington & Quincy Railroad Company, in Section 17; all in Township 13, Range 9, in Saunders County, Nebraska. During the pendency of the action in the district court the plaintiff Willy Wischmann died, after which the action was revived as to him in the name of Alvina K. Wischmann, administratrix. The action was for damages to plaintiffs according to the allegations of the amended and supplemental petition on which it was tried on account of being prevented for a period of 12 years from the year 1945 from using and sowing cultivated crops on 40 acres of the lands of plaintiffs; on account of being prevented from using and sowing cultivated crops on 20 acres of the land; on account of the necessity to level 30 acres formerly used for cultivated crops; on account of inability to use hay land because of silt, rubbish, and debris for 12 years from 1945; on account of deprivation of 90 percent of the pasture land for 12 years; on account of the loss of cattle in the years 1950, 1951, 1952, and 1953; and on account of damage to and destruction of fences.

It is pointed out here that the action is in nowise to recover for damage to land. The action is to recover for alleged destruction of crops, for prevention of planting and harvesting crops, for cost of rehabilitating land, for loss of livestock, and for damage to fences.

The basis of the action for damages, briefly summarized, is a claim by plaintiffs that the defendant, whose land is to the north and west of that of plaintiffs but does not join it at any point, unlawfully and negligently created structures and drainage ways in such manner as to divert and cause water to flow upon the land of plaintiffs in a manner, quantity, and direction from that in which it was previously wont to flow in consequence of which the plaintiffs were damaged. This is but a brief sketch of that which has been described in great detail in the petition, but in view of the record of the evidence in the case it appears to be suffi-

cient for the purposes of the opinion and decision on this appeal.

The plaintiffs pleaded that in an earlier action wherein plaintiffs here were parties plaintiff and the defendant here was defendant, it was adjudicated with finality that the acts of defendant of which complaint is made herein, were damagingly injurious to the land of plaintiffs and discontinuance of them was decreed.

The answer of the defendant is of great length but for the purposes of this review it becomes necessary to point out only that the allegations of the petition containing the grounds of action by plaintiffs against the defendant are denied.

The case was tried to a jury and a verdict was returned in favor of plaintiffs and against the defendant for $10,000. A motion for new trial and one for judgment notwithstanding the verdict were duly filed and by the court overruled. Judgment was thereupon rendered on the verdict. From the order overruling the motions for new trial and judgment notwithstanding the verdict and the judgment, the defendant has appealed.

The assignments of error which the defendant asserts as grounds for reversal are numerous but only a few of them require consideration herein. Many of them amount only to legal abstractions when viewed in the light of the principles which must control in the face of the record which has been made.

The question which appears to require consideration first is that of whether or not the plaintiffs had the right in any event to maintain this action for damages.

As pointed out the original plaintiffs herein were plaintiffs in an action in equity to prohibit and to abate the acts and doings by the defendant which are the basis for this action for damages. In that action there were other plaintiffs who owned other land which it was claimed was damaged and on which it was claimed that other damage occurred. The decree in that case, which was affirmed by this court, ran in favor of all

plaintiffs and against the defendant. In that case no issue as to recovery of damages was pleaded or attempted to be proved. That case is Bahm v. Raikes, 160 Neb. 503, 70 N. W. 2d 507.

The defendant asserts that the issue of damages which the plaintiffs present in this case could have been presented in the earlier action mentioned in the statement herein and for failure so to do they may not now maintain this action for damages.

While it may be said that there is apparently some confusion in the opinions of this court in this area, when the opinions are carefully examined in the light of their entire context this confusion disappears.

The rule generally applicable is found in the following observations in Ledingham v. Farmers Irr. Dist., 135 Neb. 276, 281 N. W. 20: "Damages were not pleaded, presented, proved or determined in the former case. There is some diversity of judicial opinion on this subject in vast fields of litigation, but the better view seems to be that, in a situation like the present, the granting of an injunction is not necessarily a bar to an action at law for damages caused by the wrong enjoined."

Cases relied upon by the defendant to support his contention that this action for damages is barred by the injunctive decree in Bahm v. Raikes, *supra,* are Shepard v. City of Friend, 141 Neb. 866, 5 N. W. 2d 108; Wightman v. City of Wayne, 148 Neb. 700, 28 N. W. 2d 575; Brchan v. The Crete Mills, 155 Neb. 505, 52 N. W. 2d 333; and Armbruster v. Stanton-Pilger Drainage Dist., 165 Neb. 459, 86 N. W. 2d 56.

In Brchan v. The Crete Mills, *supra,* and Armbruster v. Stanton-Pilger Drainage Dist., *supra,* the question of the effect of a decree in equity upon the right to maintain a later action in damages was not directly involved. The question actually presented and determined was that of whether or not damages were properly recoverable in an action basically equitable. In deciding that question it was said in both cases by quotation from

Schreiner v. Witte, 143 Neb. 109, 8 N. W. 2d 831: " 'It is a well-settled principle of equity jurisprudence that, where a court of equity has obtained jurisdiction of a cause for any purpose, it will retain it for all, and will proceed to a final determination of the case, adjudicate all matters in issue, and thus avoid unnecessary litigation.' "

In this, although not as clearly as might be desired, it appears that it was the purpose to say that "final determination" related to all matters which became issuable under the pleadings or the presentation to the court.

From a separated reading of syllabus points in Shepard v. City of Friend, *supra,* a conclusion opposite to this could be reached, but this is not possible when these are read in the light of the clear context of the opinion.

In the opinion it is made clear beyond peradventure that the right to maintain that action for damages was denied for the reason that the right to recover damages was denied in an earlier action in equity wherein the matter of damages was made an issue. The opinion points out in the first instance in the equity action there was no issue of damages. Later and after the equitable issues had been presented the plaintiffs asked leave to amend to include a claim for damages. This was denied on the ground that damages had not been proved. An appeal was taken from the adjudication of the court which included this ruling. The question of liability for damages was an issue specifically presented to this court and there was a decision thereon adverse to the plaintiffs. This is the over-all statement of what was before the court. Responding to this, it was said: "The defense of res adjudicata becomes available when a question of fact has been put directly in issue in an action between the same parties or their privies and an adjudication is had thereon."

This case therefore is authority only for the proposition that in an equity action a decree therein is res

judicata of all issues adjudicated as well as all issues tendered which might have been determined therein. The opinion in Wightman v. City of Wayne, *supra,* is of like purport.

In this light the rule suggested in the quotation from Ledingham v. Farmers Irr. Dist., *supra,* is here announced as controlling in this case, as follows: Generally the granting of an injunction where an issue of damages has not been tendered is not a bar to an action at law for damages caused by the wrong enjoined.

The burden of proof to sustain their cause of action devolved on the plaintiffs. The rule generally stated is as follows: "In an action for damages to land and growing crops by floodwaters of a stream, subject to overflow from natural causes, and which it is alleged were thrown upon the plaintiffs' land by the negligent and improper construction of a railroad nearby and adjacent thereto, the burden of proof is on the plaintiffs to show that the construction complained of either caused such overflow or increased the same, or in some manner contributed thereto, together with the nature and extent of the increased overflow, if any, and the amount of damages caused thereby." Harris v. Lincoln & N. W. Ry. Co., 91 Neb. 755, 137 N. W. 865. See, also, Goodhart v. Chicago, B. & Q. R. R. Co., 146 Neb. 290, 19 N. W. 2d 549; Krichau v. Chicago, B. & Q. R. R. Co., 150 Neb. 498, 34 N. W. 2d 899.

There are a number of questions incidental to this one presented by the briefs of appellant particularly with reference to evidence of plaintiffs admitted over objection which will require consideration only if it be found that the evidence as a whole including that which was admitted over objection amounts to proof of the cause of action pleaded within the requirement of the foregoing rule. If it does not, a discussion of these incidental questions could serve no useful purpose.

Before proceeding with a discussion of the question of whether or not the plaintiffs have sustained their bur-

den it appears well to point out here that while by the petition the plaintiffs seek a recovery of damages from 1945 forward to the date of the commencement of the action, a recovery, if any, could be had only for 4 years prior to and including June 10, 1954. See § 25-207, R. R. S. 1943. No party in the case contends otherwise.

As indicated by decisions already cited herein the burden was on plaintiffs to show that their damages, if any, were caused by failure of the defendant to comply with some mandatory or prohibitory exaction imposed by the adjudication in Bahm v. Raikes, *supra,* or some negligent act or failure to act from which the damages flowed.

In an effort to sustain the burden the plaintiffs offered and the court received in evidence the petition, the answer, the decree, and the motion for new trial filed in the district court, and the opinion of this court in Bahm v. Raikes, *supra.* Before completion of the trial the opinion of this court was withdrawn and the jury was instructed to disregard it. Testimony was adduced that land of plaintiffs had been flooded but none with any degree of particularity except one instance in 1951. A flood in that year was described as tremendous. This one was so great that it covered all land to a great depth over a very wide surrounding area. There was testimony of a small flood in 1952. There was testimony that at some time from 1944 to 1956, on account of water coming onto the land of plaintiffs, a channel was cut across it whereas there had been no channel but only a draw theretofor. There was testimony that at the south of plaintiffs' farm water from this channel backed up on meadow land causing damage. Testimony disclosed that some wheat was sowed in 1950 but on account of the 1951 flood no grain was harvested; that no other crop was planted in 1950 because the land was too wet; and that there was no flooding in 1950, 1952, 1953, and 1954, except a small flood in 1952 and inferentially one in 1954. There was testimony as to

damage to production of hay and pasturage on account of water during the period for which damages were recoverable, if proved. There was also evidence that rubbish and debris had been carried onto the land by water, and that livestock were lost on account of water in the soil.

Inexplicably, however, the plaintiffs failed to offer any testimony or other evidence that any of these things were caused or came about by reason of the matters charged against the defendant in Bahm v. Raikes, *supra,* which was prohibited or commanded by the adjudication in that case, or that they were caused by any other act of omission or commission on his part.

At the close of the plaintiffs' case-in-chief the defendant moved for a directed verdict in his favor. This motion was overruled. In the light of the absence of evidence to support the essentials of proof of the cause of action pleaded as noted, it should have been sustained. Goodhart v. Chicago, B. & Q. R. R. Co., *supra;* McIntosh v. Union P. R. R. Co., 146 Neb. 844, 22 N. W. 2d 179; Farag v. Weldon, 163 Neb. 544, 80 N. W. 2d 568. The appropriate rule is stated in Goodhart v. Chicago, B. & Q. R. R. Co., *supra,* as follows: "Where the evidence was insufficient to sustain a judgment in favor of the plaintiff, it was the duty of the trial court to sustain a motion directing a verdict for defendant at the close of plaintiff's evidence."

Thereafter the defendant adduced his evidence. An examination of this evidence discloses that there is nothing therein to supply the failure of plaintiffs to adduce evidence establishing a causal connection between the damages which plaintiffs claim they have sustained and any act or failure by the defendant.

At the close of all the evidence, the defendant again moved for a directed verdict, which motion was overruled and the case was submitted to a jury with the result which has previously been pointed out. For

reasons already indicated, the motion should have been sustained.

After the verdict was returned the defendant filed his motion for judgment notwithstanding the verdict. This motion should have been sustained. "If a motion for directed verdict made at the close of the evidence in a case should have been sustained for want of evidence to support a verdict in favor of the party against whom made, it is the duty of the court on motion for judgment notwithstanding the verdict timely made to sustain such motion to set aside the verdict and to render judgment pursuant to the motion for directed verdict." Hamilton v. Omaha & C. B. St. Ry. Co., 152 Neb. 328, 41 N. W. 2d 139. See, also, Stolting v. Everett, 155 Neb. 292, 51 N. W. 2d 603; Pavlicek v. Cacak, 155 Neb. 454, 52 N. W. 2d 310; Borcherding v. Eklund, 156 Neb. 196, 55 N. W. 2d 643.

The conclusion reached that proof of this basic element of plaintiffs' pleaded cause of action has not been sustained by evidence renders unnecessary a consideration of any of the other assignments of error or the responses thereto contained in the briefs.

The judgment of the district court is reversed and the cause remanded with directions to sustain the motion for judgment notwithstanding the verdict and to render judgment of dismissal of plaintiffs' action.

REVERSED AND REMANDED WITH DIRECTIONS.

MESSMORE, J., participating on briefs.